UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

RONALD CURABA, ROBERT KINAHAN,                          :
ROBERT KULLAK and CHRISTOPHER CACACE,                   :        **Case No.: 15 Civ. 1382**
                                                        :
                                    Plaintiffs,         :        **COMPLAINT**
                                                        :
        - against -                                     :
                                                        :        **Jury Trial Demanded**
CORAM FIRE DISTRICT, THOMAS LYON, individually          :
and in his capacity as Coram Fire District's Chairman of the :
Board, VANDORN JOHNSON, individually and in his         :
capacity as Coram Fire District's Commissioner, JEROME  :
A. DELLI BOVI, individually and in his capacity as Coram :
Fire District's Commissioner, STEVEN YALAMAS,           :
individually and in his capacity as Coram Fire District's :
Commissioner, TIMOTHY HEIDRICH, individually and in     :
his capacity as Coram Fire District's Commissioner, and :
SALVATORE GIARRIZZO, individually,                      :
                                                        :
                                    Defendants.         :
------------------------------------------------------------------------X

Plaintiffs Ronald Curaba, Robert Kinahan, Robert Kullak and Christopher Cacace, by and

through their attorneys, Shulman Kessler LLP, complaining of the Defendants, allege as follows:

## INTRODUCTION

1.      Plaintiffs bring this action against Defendants, Coram Fire District, Thomas Lyon,

individually and in his capacity as Coram Fire District's Chairman of the Board, Vandorn

Johnson, individually and in his capacity as Coram Fire District's Commissioner, Jerome A.

Delli Bovi, individually and in his capacity as Coram Fire District's Commissioner, Steven

Yalamas, individually and in his capacity as Coram Fire District's Commissioner, Timothy

Heidrich, individually and in his capacity as Coram Fire District's Commissioner, and Salvatore

Giarrizzo, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e,

*et seq.*, ( "Title VII"); the New York State Human Rights Law, Executive Law § 290, *et seq.*,

("NYSHRL"), for unlawful retaliation as a consequence of Plaintiffs' opposition to Defendants' unlawful conduct.

2.      As a consequence of Defendants' unlawful conduct, Plaintiffs seek compensatory damages, punitive damages, attorney's fees and other appropriate relief, pursuant to the Title VII and the NYSHRL.

## JURISDICTION & VENUE

3.      Jurisdiction of the Court over this controversy is based upon 28 U.S.C. §§ 1331 and Title VII, and the doctrine of supplemental jurisdiction pursuant to 29 U.S.C. § 1367.

4.      Venue is proper within this Judicial District pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to the claims herein occurred in the Eastern District of New York.

## THE PARTIES

5.      Plaintiff Ronald Curaba ("Curaba") is a resident of the County of Suffolk, State of New York.

6.      Plaintiff Robert Kinahan ("Kinahan") is a resident of the County of Suffolk, State of New York.

7.      Plaintiff Robert Kullak ("Kullak") is a resident of the County of Suffolk, State of New York.

8.      Plaintiff Christopher Cacace ("Cacace") is a resident of the State of Nevada.

9.      Upon information and belief, Defendant Coram Fire District ("CFD") is a department, district, agency, and/or bureau, organized and existing pursuant to the laws of the State of New York.

2

10.     Upon information and belief, Defendant CFD is located at 303 Middle Country Road, Coram, New York.

11.     Defendant Thomas Lyon ("Lyon") is Defendant CFD's Chairman of the Board.

12.     Defendant Lyon is a resident of the State of New York, County of Suffolk.

13.     Defendant Vandorn Johnson ("Johnson") is a Commissioner of Defendant CFD.

14.     Defendant Johnson is a resident of the State of New York, County of Suffolk.

15.     Defendant Jerome A. Delli Bovi ("Delli Bovi") is a Commissioner of Defendant CFD.

16.     Defendant Delli Bovi is a resident of the State of New York, County of Suffolk.

17.     Defendant Steven Yalamas ("Yalamas") is a Commissioner of Defendant CFD.

18.     Defendant Yalamas is a resident of the State of New York, County of Suffolk.

19.     Defendant Timothy Heidrich ("Heidrich") is a Commissioner of Defendant CFD.

20.     Defendant Heidrich is a resident of the State of New York, County of Suffolk.

21.     Defendant Salvatore Giarrizzo ("Giarrizzo"), upon information and belief, and at all times relevant, was the Business Manager for the CFD.

22.     Defendant Giarrizzo is a resident of the State of New York, County of Suffolk.

23.     At all times relevant, Defendant CFD was an "employer" as defined by Title VII and the NYSHRL.

## FACTS

24.     Plaintiff Curaba was a volunteer firefighter for CFD from December 1988 until May 21, 2008.

25.     Plaintiff Curaba was the Chief of CFD from April 10, 2007 until May 21, 2008.

3

26.     Plaintiff Kinahan was a volunteer firefighter for CFD from November 1992 until January 20, 2009.

27.     Plaintiff Kinahan was the Second Assistant Chief of CFD from April 10, 2007 until July 11, 2007.

28.     Plaintiff Kullak was a volunteer firefighter for CFD from September 1987 until January 20, 2009.

29.     Plaintiff Kullak was the First Assistant Chief of CFD from April 10, 2007 until July 11, 2007.

30.     Plaintiff Cacace was a volunteer firefighter for CFD from July 1997 until January 20, 2009.

31.     Plaintiff Cacace was the Third Assistant Chief of CFD from April 10, 2007 until July 11, 2007.

32.     At all times relevant, Milton Forde ("Forde") was a volunteer fighter with CFD.

33.     Forde is an African-American.

34.     On May 19, 2007, at the CFD Installation Dinner Defendant Giarrizzo, had a conversation with Forde, in which Giarrizzo stated, "I don't like black people."

35.     Immediately thereafter, Plaintiff Curaba confronted Defendant Giarrizzo regarding his racist comment, and a verbal argument ensued.

36.     Plaintiff Curaba informed CFD's Board of Commissioners of Giarrizzo racist comment.

37.     Defendant Johnson responded by saying, "that's just Sal [Giarrizzo]."

38.     Upon information and belief, CFD did not discipline Defendant Giarrizzo for his racist comment.

39.     On May 21, 2007, CFD received two letters regarding Giarrizzo's racist comment.

40.     One letter was from Forde, who requested that CFD reprimand Defendant Giarrizzo for his racist comment.

41.     Another letter was from Captain Michael Gigante (Forde's Captain).  Captain Gigante's letter requested that CFD terminate Defendant Giarrizzo due to his racist comment to Forde.

42.     On June 12, 2007, CFD had a board meeting.

43.     During the June 12, 2007 board meeting, Defendant Johnson referenced Captain Gigante's letter, and said to Captain Gigante, "how dare you, this is a disgrace."

44.     Defendant Johnson then crumpled up the two letters and threw them in the garbage.

45.     During that meeting, CFD accused Plaintiff Curaba of assaulting Giarrizzo at the CFD installation dinner on May 19, 2007.

46.     On July 10, 2007, CFD suspended Plaintiff Curaba.

47.     Immediately thereafter, Plaintiffs Kinahan, Kullak and Cacace, confronted CFD, and Defendants Lyon, Johnson, Delli Bovi, Yalamas and Heidrich, regarding Plaintiff Curaba's suspension.

48.     Plaintiffs Kinahan, Kullak and Cacace, advised CFD, and Defendants Lyon, Johnson, Delli Bovi, Yalamas and Heidrich, that it was Plaintiffs' belief that Plaintiff Curaba's suspension was in retaliation for the fact that he confronted Defendant Giarrizzo and opposed racial discrimination.

49.     Defendant Johnson responded to Plaintiffs by saying, "You guys are next."

50.     Plaintiffs reasonably believed that this comment meant that they too would be suspended.

51.     On July 11, 2007, because they believed that they were going to be suspended, and in opposition to the fact that CFD suspended Plaintiff Curaba, Plaintiffs Kinahan, Kullak and Cacace resigned as Chiefs of CFD.

52.     Plaintiffs Kinahan, Kullak and Cacace, however, did not resign as volunteer firefighters.

53.     On or about, August 7, 2007 Defendants circulated a letter to neighboring fire districts regarding Plaintiffs' allegations.

54.     In the letter, Defendants described Plaintiffs as "malcontents" and accused them of "acts of racist behavior."

55.     On August 14, 2007, Defendants suspended Plaintiffs Kinahan, Kullak and Cacace.

56.     Upon information and belief, Defendants issued said letter in an effort to prevent Plaintiffs from being able to retain legal counsel.

57.     On or about May 21, 2008, Defendants CFD, Lyon, Johnson, Delli Bovi, Yalamas and Heidrich, terminated and expelled Plaintiff Curaba from CFD.

58.     In or about December 2008, Plaintiff Kinahan was approached by the Sayville Fire District about joining the Department.

59.     On December 15, 2008, the Sayville Fire District denied Plaintiff Kinahan's membership.

60.     Upon information and belief, Defendants refused to recommend Plaintiff Kinahan for membership in the Sayville Fire District.

6

61.     In or about January 20, 2009, Defendants CFD, Lyon, Johnson, Delli Bovi, Yalamas and Heidrich, terminated and expelled Plaintiffs, Kinahan, Kullak and Cacace from CFD.

62.     While volunteer firefighters for CFD, Plaintiffs received the following benefits: loss of service award programs ("LOSAP"); property tax reductions; life insurance; and disability insurance.

63.     While they were Chiefs of CFD, Plaintiffs also received a free car and free gas.

64.     As a consequence of being terminated and expelled from CFD, Plaintiffs, Curaba, Kinahan, Kullak and Cacace, sustained damages, including loss of: LOSAP; property tax reductions; life insurance; disability insurance; and free car and gas.

65.     As a consequence of being terminated and expelled from CFD, Plaintiffs Curaba, Kinahan, Kullak and Cacace, also sustained emotional damages.

66.     Upon information and belief, Defendants have never disciplined Defendant Giarrizzo for his racist comment to Forde.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES ON BEHALF OF ALL PLAINTIFFS

67.     On March 14, 2008, Plaintiff Curaba filed a written Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), and was assigned Charge No.: 520-2008-02555.

68.     On March 14, 2008, Plaintiff Kinahan filed a written Charge of Discrimination with the EEOC, and was assigned Charge No.: 520-2008-02557.

69.     On March 14, 2008, Plaintiff Kullak filed a written Charge of Discrimination with the EEOC, and was assigned Charge No.: 520-2008-02556.

70.     On March 14, 2008, Plaintiff Cacace filed a written Charge of Discrimination with the EEOC, and was assigned Charge No.: 520-2008-02553.

71.     In their Charges of Discrimination, Plaintiffs alleged *inter alia*, that Defendants retaliated against them because they opposed Defendants unlawful conduct, in violation of Title VII.

72.     On November 19, 2013, the EEOC issued a final determination, a copy of which is annexed hereto as Exhibit A.  The EEOC determined that:

-     CFD's "stated reasons for its disciplinary action against [Plaintiffs] were pretextual";

-     "there is no evidence . . . that [CFD] took any meaningful corrective action with respect to Mr. Giarrizzo [sic] conduct";

-     CFD's "failure to act in light of [Defendant Giarrizzo's] racially discriminatory conduct while conversely disparaging [Plaintiffs] following their allegations of racism, support a finding that [Plaintiffs] were retaliated against"; and

-     "there is reasonable case to believe that [CFD] violated Title VII when it retaliated against [Plaintiffs] for their opposition to racially discriminatory conduct."

73.     On December 22, 2014, the U.S. Department of Justice issued a "Notice of Right to Sue" to the Plaintiffs.  The Notices of Right to Sue advised Plaintiffs of their right to file an action against CFD in the appropriate court within 90 days of her receipt thereof.

74.     The present action is timely filed within the time frame prescribed by law.

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>
<u>**ON BEHALF OF PLAINTIFFS**</u>
<u>**TITLE VII – RETALIATION**</u>
<u>**FEDEERAL VIOLATION**</u>

75.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

8

76.     By the acts and practices described above, including but not limited to terminating and expelling Plaintiffs from CFD and failing to address Plaintiffs' complaints of discrimination, Defendants retaliated against Plaintiffs in the terms and conditions of their employment for opposing unlawful employment practices in violation of Title VII.

77.     Defendants and its agents and those under their supervision and control engaged in purposeful retaliation against Plaintiffs, based upon said Plaintiffs' good faith complaints of racial discrimination.

78.     Plaintiffs are now suffering and will continue to suffer irreparable injury and monetary damages as a consequence of the Defendants' retaliatory actions.

79.     Defendants acted intentionally and with malice and/or reckless indifference to Plaintiffs' federally protected rights.

80.     Defendants' aforementioned retaliatory practices were continuous, concerted, abusive, extreme and outrageous.

81.     Any alleged non-discriminatory reason is nothing more than a pretext so that the Defendants and its agents and those under their control could attempt to mask their actions.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>
<u>ON BEHALF OF PLAINTIFFS</u>
<u>NYSHRL – RETALIATION</u>
<u>STATE LAW VIOLATION</u>

82.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

83.     By the acts and practices described above, including but not limited to terminating and expelling Plaintiffs from CFD and failing to address Plaintiffs' complaints of discrimination,

Defendants retaliated against Plaintiffs in the terms and conditions of their employment for opposing unlawful employment practices in violation of the NYSHRL.

84.     Defendants and its agents and those under their supervision and control engaged in purposeful retaliation against Plaintiffs, based upon said Plaintiffs' good faith complaints of racial discrimination.

85.     Plaintiffs are now suffering and will continue to suffer irreparable injury and monetary damages as a consequence of the Defendants' retaliatory actions.

86.     Defendants acted intentionally and with malice and/or reckless indifference to Plaintiffs' protected rights in violation of the NYSHRL.

87.     Defendants' aforementioned retaliatory practices were continuous, concerted, abusive, extreme and outrageous.

88.     Any alleged non-discriminatory reason is nothing more than a pretext so that the Defendants and its agents and those under their control could attempt to mask their actions.

<u>**AS AND FOR A THIRD CAUSE OF ACTION<br>ON BEHALF OF PLAINTIFFS AGAINST DEFENDANTS<br>THOMAS LYON, VANDORN JOHNSON, JEROME A. DELLI BOVI,<br>STEVEN YALAMAS, TIMOTHY HEIDRICH AND SALVATORE GIARRIZZO<br>NYSHRL – RETALIATION<br>STATE LAW VIOLATION**</u>

89.     Defendant Lyon aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of NYSHRL by actually participating in retaliatory conduct.

90.     Defendant Johnson aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of NYSHRL by actually participating in retaliatory conduct.

10

91.     Defendant Delli Bovi aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of NYSHRL by actually participating in retaliatory conduct.

92.     Defendant Yalamas aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of NYSHRL by actually participating in retaliatory conduct.

93.     Defendant Heidrich aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of NYSHRL by actually participating in retaliatory conduct.

94.     Defendant Giarrizzo aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of NYSHRL by actually participating in retaliatory conduct.

95.     By the acts and practices described above, including but not limited to terminating and expelling Plaintiffs from CFD and failing to address Plaintiffs' complaints of discrimination, Defendants retaliated against Plaintiffs in the terms and conditions of their employment for opposing unlawful employment practices in violation of NYSHRL.

96.     Defendants and its agents and those under their supervision and control engaged in purposeful retaliation against Plaintiffs, based upon said Plaintiffs' good faith complaints of racial discrimination.

97.     Plaintiffs are now suffering and will continue to suffer irreparable injury and monetary damages as a consequence of the Defendants' retaliatory actions.

98.     Defendants acted intentionally and with malice and/or reckless indifference to Plaintiffs' federally protected rights.

99.     Defendants' aforementioned retaliatory practices were continuous, concerted, abusive, extreme and outrageous.

100.     Any alleged non-discriminatory reason is nothing more than a pretext so that the Defendants and its agents and those under their control could attempt to mask their actions.

101.     Defendant Lyon is liable for aiding and abetting retaliation against Plaintiffs in violation of the NYSHRL.

102.     Defendant Johnson is liable for aiding and abetting retaliation against Plaintiffs in violation of the NYSHRL.

103.     Defendant Delli Bovi is liable for aiding and abetting retaliation against Plaintiffs in violation of the NYSHRL.

104.     Defendant Yalamas is liable for aiding and abetting retaliation against Plaintiffs in violation of the NYSHRL.

105.     Defendant Heidrich is liable for aiding and abetting retaliation against Plaintiffs in violation of the NYSHRL.

106.     Defendant Giarrizzo is liable for aiding and abetting retaliation against Plaintiffs in violation of the NYSHRL.

## DEMAND FOR JURY TRIAL

107.     Plaintiffs herein demand a trial by jury for all issues in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand that a judgment be entered in their favor and that the Court order and award Plaintiffs the following relief against Defendants:

a.     Compensatory damages;

b.     Punitive damages;

c.      Attorney's fees, expert witness fees, and other costs;

d.      Interest; and

e.      Such other and further relief as this Court may deem just and proper.

Dated: Melville, New York
         March 17, 2015

                                        Respectfully submitted,

                                        SHULMAN KESSLER LLP

                                        By:    /s/ Troy L. Kessler
                                               Troy L. Kessler
                                               Marijana F. Matura
                                               Garrett Kaske
                                        *Attorneys for Plaintiffs*
                                        510 Broadhollow Road, Suite 110
                                        Melville, New York 11747
                                        (631) 499-9100